## No. 45.

BRADY & McLELLAN *v.* FREDERICK RAICHELE, JOS. MUNTZ,

ET AL, THIRD OPPONENTS.

An administrator of his deceased wife's separate estate is prohibited from purchasing the property thereof at a probate sale.

A void sale of property belonging to a Succession cannot be ratified by the heirs until the estate has been administered and the interests of the heirs determined and the heirs put in possession.

*Appealed from Fifth District Court, Parish of Orleans.*

*Horner & Benedict,* attorneys for plaintiff, appellant.

*M. C. Dunn,* attorney for defendant, appellee.

His Honor, Judge Walter H. Rogers, recused himself, he having been the judge of the lower court from which the case was appealed. Chas. B. Singleton, Esq., Attorney at Law, acting as judge *ad hoc* delivered the opinion and decree of the court in the words and figures following, to wit;

Joseph Muntz married Eva Grau, by whom he had three children, viz: Joseph, Henry and Emma Muntz—Emma Muntz married Charles A. O'Rourke, who assists his wife in this litigation.

The community of acquets and gains existed between Joseph Muntz and his wife until his death. Pending this marriage Joseph Muntz acquired by purchase the property described in the pleadings and which constitute the object of this litigation. After this purchase Joseph Muntz departed this life and his survivor widow administered on his estate, and caused this property to be adjudicated to her as surviving widow in community.

Subsequently Eva Grau, widow by first marriage of Joseph Muntz deceased, was married to Frederick Raichele, by whom she had Frederick and Suzana Raichele.

After these two children last named, and while they were minors of tender age, their mother departed this life—Frederick Raichele administered upon the estate of his deceased

wife, and was confirmed as natural tutor of his minor children. While acting as administrator of his deceased wife he caused the property now in dispute to be sold by an order of the Probate Court of this city to pay debts and the costs of administration; at which sale he became the purchaser for the price of $1200.00. Frederick Raichele being the administrator of his wife's estate and in no manner interested in said property as surviving partner in community, or otherwise, he was prohibited from purchasing the same at a probate sale provoked by himself R. C. E. 1146, 15 Ann. 58.

After Frederick Raichele thus acquired this property he specially mortgaged the same to the plaintiff to secure the payment of his individual note for $680.56. Raichele failed to pay this note and the plaintiff obtained an order of seizure and sale and proceeded to sell said property for the purpose of paying the said note. Joseph and Henry Muntz and their sister, Emma Muntz, the wife of Charles A. O'Rourke, in their own right, and the minors, Frederick and Suzana Raichele, by their father and natural tutor, united in a petition of opposition as equal heirs of their deceased mother, who oppose this sale upon the ground that said property still belonged to the estate of their mother, and to them as her only heirs, because the pretended purchase by Frederick Raichele, as herein above stated, was absolutely null and void; the same having been made in violation of a prohibitory law. Pending this opposition, the sheriff sold the property under and by virtue of the said order of seizure and sale and the plaintiffs became the purchasers thereof.

We have seen that the purchase made by Frederick Raichele while acting as administrator of his wife's estate was null and void. However, the record discloses the fact that Henry, Joseph and Emma Muntz (wife of Charles A. O'Rourke) sold their interest both real and personal in their mother's estate except certain specified interests outside of the real estate in dispute, to Frederick Raichele some years after Frederick Raichele acquired the property at the sale provoked by himself as administrator as herein above stated. This point has

been urged upon us by Counsel with force but we cannot now consider it as fully as we might otherwise, because if the estate of Mrs. Raichele had been fully administered and the interests of the heirs in the property in dispute definitely ascertained and set apart to each, then the question of ratification (express or implied) of the succession sale to Frederick Raichele might arise and demand consideration, 3 Ann. 328.

This sale as we have seen was null and void because made in violation of a prohibitory law. Such being the fact the property belongs to the succession of Mrs. Raichele, of whom the intervenors and third opponents are the only heirs, but the interest of these heirs in the estate of their deceased mother cannot be ascertained until said estate shall be fully administered, the debts and the costs of liquidation ascertained and paid, and the interest of each heir, if any, in the residue, be ascertained by partition duly conducted by the heirs amongst themselves.

It is therefore adjudged and decreed that the order of seizure and sale herein obtained by Brady and McLellan be annulled and cancelled. And that the opposition of the intervenors and third opponents be maintained so far as to declare that the property described in the pleading still belongs to the estate of their deceased mother, and upon the final settlement of her estate and the payment of all the debts thereof, including the expense of administration, the residue of said estate be equally divided among the opponents as equal heirs by due process of law. It is further adjudged and decreed that whatever right and claim plaintiffs may legally urge in behalf of the sum due them, both as against defendant and the third opponents is not to be prejudiced in any manner by this judgment. It is further ordered, adjudged and decreed that Brady and McLellan (the plaintiffs) be condemned to pay all costs of this cause, both in the district and this court.

Rehearing refused November 28, 1881. McGloin, Judge.